IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **TIMOTHY C. AUSTIN,**          ) | |
| ) | |
| Plaintiff,          ) | |
| ) | CIVIL ACTION |
| v.          ) | |
| ) | No. 04-3445-CM |
| ) | |
| **SEAN BROWN, et al.,**          ) | |
| ) | |
| Defendants.          ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Timothy Austin, who appears pro se, brings the instant cause of action against defendants Sean Brown, the Lawrence Police Department, and the City of Lawrence, Kansas pursuant to 42 U.S.C. § 1983. Plaintiff alleges in Count I that defendants violated his rights under the Fourth Amendment to be free from illegal searches and seizures. Plaintiff alleges in Count II that defendants engaged in racial profiling in violation of his rights under the Fourteenth Amendment. This matter comes before the court on defendants' Motion to Dismiss (Doc. 12).

**I.     Standards**

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-

pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff, *Witt v. Roadway Express*, 136 F.3d 1424, 1428 (10th Cir. 1998). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984).

The court is mindful that plaintiff in this case appears pro se. Accordingly, while the court should liberally construe a pro se plaintiff's complaint, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

**II.   Background Facts**

This matter arises out of a state court case in which defendant was initially convicted, and that conviction was overturned.

In the early hours of March 7, 2001, defendant Brown, a police officer for the Lawrence Police Department, was dispatched to investigate a report of a man and a woman who had knocked on the door of a residence requesting money for a sick child. The man was described as a slender black male, and the car they were driving was described as a light-colored 1970's model sedan. Defendant Brown began searching the neighborhood and, around 3:20 a.m., defendant stopped a vehicle that matched the description.

Pursuant to a frisk of the defendant's person, defendant Brown discovered crack cocaine in defendant's waistband. A search of the vehicle revealed another parcel of crack cocaine and a pipe used to smoke crack cocaine. Defendant Brown arrested plaintiff at that time.

Plaintiff was charged in the District Court of Douglas County, Kansas with possession of cocaine, failure to affix a tax stamp, and possession of drug paraphernalia. Plaintiff moved to suppress the evidence based on the argument that defendant Brown lacked reasonable suspicion for stopping the vehicle. The trial court denied plaintiff's motion to suppress, basing its decision on the public safety exception to the warrant requirement and citing such factors as the possibility of a sick child, the time of the morning, the fact that the car was in the vicinity of the calls, and the presence of a black male in the car.

Subsequent to the trial court's ruling, the state dropped the failure to affix a tax stamp and possession of drug paraphernalia charges. Plaintiff was ultimately found guilty of possession of cocaine.

Plaintiff appealed the state trial court's denial of his motion to suppress to the Kansas Court of Appeals. On August 20, 2004, the Kansas Court of Appeals reversed the trial court's ruling on plaintiff's motion to suppress. On October 21, 2004, the state dismissed the charge against plaintiff based upon "insufficient evidence due to ruling by the Court of Appeals." Plaintiff filed the instant case on December 1, 2004.

**III.   Discussion**

In 42 U.S.C. § 1983 actions, courts apply the state statute of limitations applicable to personal injury torts. Section 1983 actions arising in Kansas are subject to a two-year statute of

-3-

-4-

limitations. *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). Defendants argue that plaintiff's lawsuit is barred by the applicable statute of limitations.

A § 1983 action accrues when a plaintiff knows or has reason to know that he was injured. *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). The parties disagree as to when the two-year limitations period began to run on plaintiff's § 1983 claims. Defendants contend that the limitations period began to run on these claims on the date plaintiff was seized in violation of his Fourth and Fourteenth Amendment rights. Plaintiff, on the other hand, contends that the statute of limitations period did not begin to run on these claims until he filed his motion to suppress in the state court case, which was January 2003.

This case is in all material respects analogous to a Third Circuit case captioned *Montgomery v. DeSimone*, 159 F.3d 120 (3d Cir. 1998). In *Mongomery*, the plaintiff (Montgomery) had brought § 1983 claims for malicious prosecution, false arrest, and false imprisonment. On September 30, 1992, Montgomery was stopped by police and arrested for speeding and drunk driving. The municipal court judge found that there was probable cause for the stop and the arrest. Montgomery was ultimately found guilty of speeding, drunk driving, and refusing to take a breathalyser test. Montgomery appealed her convictions. The appeals court reversed Montgomery's convictions, questioning the stop of Montgomery, and entered not guilty verdicts on all charges. Montgomery filed a § 1983 claim on February 1, 1995.

The Third Circuit held that Montgomery reasonably knew of any injuries resulting from her alleged false arrest and false imprisonment at the time she was detained – not the date

Montgomery's criminal charges were resolved in her favor. *Montgomery*, 159 F.3d at 126. The court expounded on its reasoning:

> Montgomery argues that under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), these claims only accrued after her criminal charges were resolved in her favor. In *Heck*, the Court held that a section 1983 claim for damages attributable to an unconstitutional conviction or sentence does not accrue until that conviction or sentence has been invalidated. *Heck*, 512 U.S. at 489-90, 114 S.Ct. 2364. The Court also noted, however, that if a successful claim would not demonstrate the invalidity of any outstanding criminal judgment, it should be allowed to proceed. *Id.* at 487, 114 S.Ct. 2364. Because a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest, we find that Montgomery's claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (stating that "[i]t is well established that a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest."). Accordingly, we read *Heck* to be consistent with our determination that Montgomery's false arrest and false imprisonment claims accrued on the night of her arrest.

*Id.* at 126 n.5. The court agrees with the rationale set forth in *Montgomery*.

The plaintiff in this case is not alleging an unconstitutional conviction or sentence. Rather, plaintiff is alleging injuries resulting from an unlawful seizure and unlawful racial profiling that occurred on March 7, 2001. The court finds that plaintiff knew or had reason to know of any injuries resulting from his allegedly illegal seizure at the time he was seized. As such, plaintiff's claim are time barred since the instant action was filed more that two years after the seizure occurred.

-6-

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 12) is granted.  This case is hereby dismissed.

Dated this   27th   day of June 2005, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**